**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prentice Williams, ) | No. CV 09-711-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| State of Arizona, et al., ) | |
| Defendants. ) | |

This is an action for (1) illegal seizure; (2) selective law enforcement; (3) false arrest; (4) failure to read <u>Miranda</u> rights; (5) conspiracy; and (6) racial profiling, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The court has before it defendants' motion for summary judgment (doc. 55), plaintiff's response (doc. 65), plaintiff's motion for summary judgment (doc. 57), and defendants' response (doc. 67).

This complaint arises from an interaction plaintiff had with defendant Arizona State University ("ASU") police officers on June 23, 2008.

Defendants Officers Gaughan and Stipp observed plaintiff walking his bicycle across railroad tracks in Tempe, AZ, and defendant Gaughan attempted to stop plaintiff to investigate his trespassing. The officers were on heightened alert and had been questioning people in the area because of a series of burglaries at the railroad yard facilities. After the defendants called out to plaintiff twice, plaintiff got on his bicycle and rode away. Once the

defendants caught up with plaintiff, they pulled him off his bike. Plaintiff then told the officers his name. The name revealed no record, and when defendants did not believe that plaintiff had accurately stated his name, plaintiff refused to confirm the correct spelling or answer any other questions until he spoke to an attorney. At plaintiff's request, the officers called defendant Sergeant Rourke to the scene. Defendants told plaintiff he was not under arrest, but that he would be if he did not answer their questions. When plaintiff attempted to leave, the officers arrested him. Defendants handcuffed plaintiff and brought him to the ASU police station. As plaintiff was being arrested, he observed and called defendants' attention to a white man on the tracks, but defendants did not approach him.

When parties file cross-motions for summary judgment, we review both motions and the evidence submitted in support of each cross-motion. See Housing Council of Riverside County, Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). We will not grant summary judgment if any issue of material fact remains. Id.

**I**

Plaintiff's first claim is for illegal seizure. To establish that a seizure violated the Fourth Amendment, plaintiff must show an unreasonable "governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 597, 109 S.Ct. 1378, 1381 (1989). "A warrantless arrest of an individual in a public place for a crime committed in an officer's presence violates the Fourth Amendment if the arrest is not supported by probable cause." Blankenhorn v. City of Orange, 485 F.3d 463, 470–71 (9th Cir. 2007). An arresting officer has probable cause when he has "reasonably trustworthy information of facts and circumstances which are sufficient to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested is committing or did commit it." State v. Nelson, 129 Ariz. 582, 586, 633 P.2d 391, 395 (1981). Arrests for crimes committed in the presence of the arrest officer are reasonable under the Constitution. Virginia v. Moore, 553 U.S. 174, 176, 128 S.Ct. 1598, 1607 (2008).

It is not disputed that plaintiff was committing a crime at the time defendants saw him.

A person commits criminal trespass in the third degree when he knowingly enters or remains unlawfully on the right-of-way for tracks. See A.R.S. § 13-1502(A)(2). Plaintiff admits he was knowingly on the tracks, and defendants Officers Gaughan and Stipp observed the trespass. Consequently, defendants had probable cause to stop and arrest plaintiff, and so they acted reasonably and not in violation of the Fourth Amendment. Defendants are entitled to summary judgment on plaintiff's claim of illegal seizure.

## II

Plaintiff's second claim is for selective law enforcement. To survive summary judgment on a selective enforcement claim, plaintiff must show "both that the passive enforcement system had a discriminatory effect and that it was motivated by a discriminatory purpose." Wayte v. U.S., 470 U.S. 598, 608, 105 S.Ct. 1524, 1531 (1985). "Discriminatory purpose implies more than intent as awareness of consequences. It implies that the decision maker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." Id. at 610, 105 S.Ct at 1532.

Plaintiff has not shown discriminatory effect or purpose. Plaintiff's only evidence of selective law enforcement is his assertion that he saw a white person on the tracks at the same time that defendants arrested him, but that the officers were not interested in questioning this other individual. As explained, defendants had probable cause to stop plaintiff. Plaintiff was on the railroad tracks illegally, and he was the only person in the area at the time of the arrest. By the time plaintiff pointed out a white person who was on the tracks, defendants were busy with plaintiff. Additionally, defendants had just investigated a white person on the tracks prior to approaching plaintiff. Defendants further note that during his tenure as an ASU police officer prior to plaintiff's arrest, defendant Officer Gaughan had arrested 36 people, none of whom was African American. Defendants' decision not to question one white person is not sufficient evidence that the officers had ulterior motives in arresting plaintiff. We thus grant summary judgment for defendants on the selective enforcement claim.

## III

1         Third, plaintiff alleges false arrest. The existence of probable cause is an absolute
2 defense to a claim of false arrest. Gasho v. United States, 39 F.3d 1420, 1427 (9th Cir.1994)
3 (citing Hockett v. City of Tucson, 139 Ariz. 317, 320, 678 P.2d 502, 505 (App. 1983)). As
4 explained above, officers have probable cause to make arrests for crimes committed in their
5 presence. See Moore, 553 U.S. at 176, 128 S.Ct. at 1607. Defendants therefore had probable
6 cause to arrest plaintiff, and so cannot have committed false arrest as a matter of law.

## IV

Plaintiff's fourth claim is for defendants' failure to give him a Miranda warning in violation of his Fifth Amendment privilege against compelled self-incrimination. An officer need not give Miranda warnings prior to stopping an individual for quick questioning. "[A]n officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further." Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177, 178, 124 S.Ct. 2451, 2453 (2004). Additionally, to sustain an action for a failure to read Miranda rights, any statement given must have been used against plaintiff. "[M]ere coercion does not create a cause of action under § 1983 for a violation of the Self-Incrimination Clause, absent use of the compelled statement in a criminal case." Crowe v. County of San Diego, 608 F.3d 406, 427 (9th Cir. 2010) (citing Chavez v. Martinez, 538 U.S. 760, 123 S.Ct. 1994 (2003)).

Defendants tried to ascertain plaintiff's identity and ask him several questions, and then arrested him following his refusal to cooperate. Defendants properly stopped plaintiff for a brief time and investigated his presence on the tracks, and no Miranda warning was necessary. Only when plaintiff did not provide the basic information requested, defendants arrested him. Plaintiff does not contend that defendants continued to interrogate him after his arrest. Additionally, there is no evidence that anything plaintiff said was used against him.

Plaintiff has not shown that defendants improperly questioned him before arrest, attempted to question him after arrest, or used any incriminating statements in a criminal case against defendant. Defendants are entitled to summary judgment on plaintiff's Fifth

1 Amendment claim.

## V

Fifth, plaintiff alleges conspiracy. To make a claim for conspiracy under 42 U.S.C. § 1985, plaintiff must allege specific facts to support the existence of the alleged conspiracy. Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). Conclusory allegations are insufficient. Id. Plaintiff's complaint lacks any such specific factual allegations. Plaintiff stated that he believes the Tempe Police Department was involved with the ASU police officers' arrest of plaintiff. The vague and unsubstantiated allegation is insufficient for us determine the nature of the conspiracy, or the particular actors involved. We therefore grant summary judgment for defendants on plaintiff's conspiracy claim.

## VI

Plaintiff's sixth claim is for racial profiling. To establish a violation of equal protection, plaintiff must show that defendants acted in a discriminatory way and that the discrimination was intentional. Bingham v. City of Manhattan Beach, 341 F.3d 939, 948 (9th Cir. 2003). To avoid summary judgment, plaintiff "must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the decision was racially motivated." Id at 949.

As already noted in connection with the claim for selective law enforcement, plaintiff has not provided evidence of discriminatory action or intent. Defendants' decision to investigate and arrest plaintiff and then to subsequently not question one white person while they were engaged with plaintiff is not sufficient to establish discrimination. Moreover, it is not enough for plaintiff to argue that because "he is African-American, the officer is white, and they disagree about the reasonableness of the [railroad track] stop, these circumstances are sufficient to raise an inference of racial discrimination." Bingham, 341 F.3d at 948. Defendants are entitled to summary judgment on plaintiff's racial profiling claim.

## VII

In his motion for summary judgment, plaintiff mentions excessive force and intent to injure. However, he does not raise these allegations in his complaint. Because plaintiff did

not provide a short and plain statement of these claims for relief in his pleading, we cannot enter judgment on them. See Fed. R. Civ. P. 8(a)(2).

## VIII

We conclude that there are no genuine issues of material fact, and that defendants are entitled to judgment as a matter of law on all claims. Therefore, **IT IS ORDERED GRANTING** defendants' motion for summary judgment (doc. 55) and **IT IS FURTHER ORDERED DENYING** plaintiff's motion for summary judgment (doc. 57).

DATED this 13th day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge