**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prentice Williams,<br><br>    Plaintiff,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>    Defendants. | No. CV 09-711-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff's motion for a hearing on the admissibility of plaintiff's testimony (doc. 72). This is an action for alleged constitutional violations, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. We have previously granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment (doc. 74), and entered judgment in favor of defendants and against plaintiff (doc. 75).

Plaintiff now contends that defendants submitted an inaccurate copy of his deposition testimony in support of their motion for summary judgment (doc. 56-1). First, any objections to evidence offered in support of a motion for summary judgment should be raised in the opposing party's response to the summary judgment motion. See LRCiv. 7.2(m)(2). Plaintiff's citation to Rule 32(b), Fed. R. Civ. P. is irrelevant; that rule pertains to the use of deposition testimony in a hearing or trial. This motion is therefore improper under our local rules.

Second, even if we were to take as true the assertions plaintiff makes in the revised testimony, they would not impact our grant of summary judgment. Plaintiff maintains that defendant Officer Stipp worked for the Tempe Police Department at the time of plaintiff's arrest. Plaintiff also claims that contrary to defendant Stipp's deposition, defendant Stipp had been surveying him on the Arizona State University campus. Even if this is all true, this has no bearing on plaintiff's claims arising from his arrest, for which defendants had probable cause.

Therefore, **IT IS ORDERED DENYING** plaintiff's motion for a hearing on admissibility of plaintiff's testimony (doc. 72).

DATED this 23rd day of August, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge